01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08 | KATHY S. FLETCHER,

09       Plaintiff,

10     v.

11 | MICHAEL J. ASTRUE,
Commissioner of Social Security,

12

13       Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. C06-1268-RSM

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY
DISABILITY APPEAL

14       Plaintiff Kathy S. Fletcher proceeds through counsel in her appeal of a final decision of the

15 Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied

16 plaintiff's application for Disability Insurance (DI) benefits after a hearing before an Administrative

17 Law Judge (ALJ).

18       Having considered the ALJ's decision, the administrative record (AR), and all memoranda

19 of record, it is recommended that this matter be REMANDED for further administrative

20 proceedings.

21 / / /

22 / / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01 **FACTS AND PROCEDURAL HISTORY**

02 Plaintiff was born on XXXX, 1947.[1] She has a college education.  Plaintiff previously

03 worked as a systems analyst for Premera Blue Cross and, after the alleged onset date of disability,

04 as a substitute teacher. She also worked part-time for K-Mart from 1998 to 2000. (AR 22.)

05 With a filing month of March 25, 2003, plaintiff filed an application for DI benefits,

06 alleging disability since March 1, 2001.  (*Id.*)  On August 8, 2005, ALJ Edward Nichols held a

07 hearing, taking testimony from plaintiff and vocational expert (VE) Lynn Dankel.  (AR 346-78.)

08 On October 12, 2005, the ALJ issued a decision finding plaintiff not disabled.  (AR 21-29.)

09 Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on July

10 10, 2006, making the ALJ's decision the final decision of the Commissioner.  (AR 4-6.) Plaintiff

11 appealed this final decision of the Commissioner to this Court.

12 **JURISDICTION**

13 The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

14 **DISCUSSION**

15 The Commissioner follows a five-step sequential evaluation process for determining

16 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

17 be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not

18 engaged in substantial gainful activity (SGA) since her alleged onset date, with the exception of

19 the period of January through June 2005, deferring the SGA finding for the period thereafter.  At

20

21 [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
22 official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01  step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ

02  found plaintiff's tendonitis of the right elbow and shoulder, depression, and anxiety to be severe.

03  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ

04  found that plaintiff's impairments did not meet or equal the criteria for any listed impairment.  If

05  a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual

06  functional capacity (RFC) and determine at step four whether the claimant has demonstrated an

07  inability to perform past relevant work.  The ALJ assessed plaintiff's RFC and found her unable

08  to perform her past relevant work as a systems analyst.  If a claimant demonstrates an inability to

09  perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that

10  the claimant retains the capacity to make an adjustment to work that exists in significant numbers

11  in the national economy.  The ALJ found plaintiff capable of performing other jobs, such as a word

12  processor, as identified by the VE.

13      This Court's review of the ALJ's decision is limited to whether the decision is in

14  accordance with the law and the findings supported by substantial evidence in the record as a

15  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

16  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

17  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

18  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

19  decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

20  2002).

21      Plaintiff argues that the ALJ erred in finding her not disabled, asserting the record

22  establishes, at the most, that she could perform only simple, unskilled work, and that the ALJ erred

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01  in rejecting the opinions of both examining and non-examining doctors to that effect.   Further,

02  plaintiff argues, the ALJ's finding that she has a "severe" mental impairment leads to the necessary

03  conclusion that she has a significantly diminished ability to perform unskilled work and is,

04  therefore, disabled. Plaintiff also contends that the ALJ's step-five finding lacks the support of

05  substantial evidence.  In addition, she asserts error in the ALJ's determination that her earnings

06  as a substitute teacher constituted SGA.  Plaintiff requests remand for an award of benefits or,

07  alternatively, for further administrative proceedings.

08       Defendant submits that the ALJ's decision utilized correct legal standards, was supported

09  by substantial evidence, and should be affirmed.

10  **<u>Substantial Gainful Employment</u>**

11       The first step in the sequential evaluation process is to determine whether plaintiff has

12  performed SGA during the alleged period of disability, defined as work that involves doing

13  significant physical or mental activities.  Work can be substantial even if done on a part-time basis,

14  or if it requires less responsibility or pays less than previous work. 20 C.F.R. § 404.1572.  Plaintiff

15  alleged an onset of disability as of March 1, 2001.  In 2004, she was employed as a substitute

16  teacher from March through May and September through December, earning $3499.00, which is

17  an average of $499.00 per month.  The ALJ found that this work did not rise to the level of SGA.

18  (AR 22, 28.)  In 2005, plaintiff worked from January through June, earning a total of $5297.00.

19  The ALJ found that this constituted SGA.  (*Id.*)

20       In 2005, earnings of more than $830.00 per month were presumptive of SGA.  *See* 20

21  C.F.R. § 404.1574(b)(2)(ii) (*calculated at* http://www.ssa.gov/OACT/COLA/autoAdj.html).

22  Plaintiff argues that when her total earnings for 2005 are taken into account and averaged over

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01  twelve months, they do not reach the presumptive level of $830.00 per month.  These additional

02  earnings for 2005 were presented to the Appeals Council after the issuance of the ALJ's decision.

03  Plaintiff asks that, if this matter is remanded, the ALJ should consider these earnings and re-assess

04  her performance of SGA in 2005.  Defendant argues that the additional 2005 earnings do not

05  negate the ALJ's finding that plaintiff engaged in SGA from January to June 2005.

06          Generally, earnings are averaged "over the entire period of work requiring evaluation."

07  Social Security Ruling (SSR) 83-35.  Here, the additional 2005 earnings were not presented to the

08  ALJ for consideration at the time of the hearing.  On remand, the ALJ should take these earnings

09  into account and reconsider the issue of SGA, in particular, determining the relevant time period

10  for averaging the earnings.

11                              **Medical-Vocational Guidelines**

12          In evaluating plaintiff's RFC, the ALJ found she could lift/carry twenty pounds

13  occasionally and ten pounds frequently, could stand/walk six hours in an eight hour day, could do

14  no overheard reaching or constant handling, and was limited to repetitive, structured work, with

15  low contact with the general public. (AR 28.)  At step four, the ALJ found plaintiff could not

16  perform her past relevant work as a systems analyst.  (*Id.*)[2]  After determining plaintiff's vocational

17  profile (her age, education, and work experience), the ALJ used the Medical-Vocational

18  Guidelines as a framework to meet the Commissioner's step five burden of showing plaintiff could

19  _____

20          [2] The Commissioner argues that the ALJ found plaintiff's work as a substitute teacher was
    past relevant work, but the ALJ's decision is not clear on this point.  The ALJ noted that, before
21  2005, the substitute teacher job would not be considered past relevant work, and, although finding
    plaintiff demonstrated the functional capacity to perform this job beginning January 2005, he
    declined to list the substitute teacher position as past relevant work in the "Findings" section of
22  the decision.  (*See* AR 27-28.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01 perform other work existing in significant numbers in the national economy.  20 C.F.R. Pt. 404,

02 Subpt. P, App. 2 § 200.00 (2006).

03      At age fifty-five, a person is considered to be of "advanced age."  20 C.F.R. § 404.1563(e).

04 A person of advanced age, with a college education, capable of light work, is disabled at step five

05 if restricted to simple, unskilled work.  20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rules 202.04

06 & 202.06.  Put another way, while a person with this vocational profile is not disabled if she has

07 transferrable skills, *id.,* Rule 202.07, without transferrable skills, she is disabled, *id.,* Rule 202.06.

08 If a person with this vocational profile is limited to sedentary work, the transferability of skills

09 must be possible "with little, if any, vocational adjustment required in terms of tools, work

10 processes, work settings, or the industry."  *Id.* at § 201.00(f) and Table 1, Rule 201.07.  As with

11 a person capable of light work, a person with this sedentary vocational profile is disabled without

12 transferrable skills.  *Id.*, Table 1, Rule 201.06.  *Accord Terry v. Sullivan*, 903 F.2d 1273, 1275

13 (9th Cir. 1990).

14      In this case, the ALJ found plaintiff to be of advanced age, with a college education, skills

15 transferable from previous work, and the RFC to perform a significant range of light work.  (AR

16 28-29.)  Because plaintiff's RFC included non-exertional limitations and, therefore, did not

17 correspond precisely to a guideline rule, the ALJ utilized VE testimony.  *See Moore v. Apfel*, 216

18 F.3d 864, 870 (9th Cir. 2000) ("When a claimant suffers from both exertional and nonexertional

19 limitations, the grids are only a framework and a VE must be consulted.")  The VE testified that

20 plaintiff had word processing skills transferable from her past work and that she could work as a

21 word processor.  (AR 373.)

22      Plaintiff points out, and defendant agrees (*see* Dkt. 12 at 13), that word processing-data

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01  entry jobs are considered "sedentary," not "light" work under the Dictionary of Occupational

02  Titles (DOT).   "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only

03  insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*,

04  60 F.3d 1428, 1435-36 (9th Cir. 1995).   Defendant argues, however, that the discrepancy is of no

05  consequence because the ability to do light work also encompasses the ability to do sedentary

06  work, and that this factor, of itself, does not compel a finding of disability.   This argument is not

07  well taken.   "Individuals approaching advanced age . . . may be significantly limited in vocational

08  adaptability if they are restricted to sedentary work."   20 C.F.R. Pt. 404, Subpt. P, App. 2 §

09  201.00(g).   If the sedentary work guideline is used as a framework, an additional showing is

10  necessary to establish that plaintiff's transferrable skills can be used "with little, if any, vocational

11  adjustment[.]"  *Id.* at § 201.00(f) and Table 1, Rule 201.07.   If the record only contains evidence

12  of sedentary work available to plaintiff, without this additional showing, substantial evidence does

13  not support the ALJ's decision to use the light work guideline as a framework.  *See Distasio v.*

14  *Shalala*, 47 F.3d 348, 350 (9th Cir. 1995) ("Because the Secretary failed to produce evidence that

15  any job categorized as light work was available to Distasio, but only produced evidence of

16  sedentary work available to him, the use of grid rule 202.14 as a framework for decisionmaking

17  was not based on substantial evidence.")

18  <u>Simple, Unskilled Work</u>

19          Plaintiff also argues that the ALJ erred in finding her capable of performing anything but

20  simple, unskilled work.   Plaintiff points to the opinion of examining psychiatrist Dr. Dang that she

21  was restricted to "simple and repetitive tasks."   (AR 133.)   Plaintiff also points to the opinions of

22  non-examining state-agency psychologists Dr. Van Dam and Dr. Clifford that plaintiff "would

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01 have difficulty maintaining concentration on complex tasks on a consistent basis[.]"  (AR 314.)

02       The ALJ, however, is not required to find a physician's opinion conclusive.  Where not

03 contradicted by another physician, a treating or examining physician's opinion may be rejected

04 for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting

05 *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or

06 examining physician's opinion may be rejected if the ALJ provides "'specific and legitimate

07 reasons' supported by substantial evidence in the record for so doing."  *Id.* at 830-31 (quoting

08 *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

09       The ALJ did not accept the assessment that plaintiff would have difficulty maintaining

10 concentration on complex tasks on a consistent basis, finding that undercut somewhat by her work

11 as a substitute teacher.  (AR 26.)  The ALJ limited plaintiff to "repetitive, structured work with

12 low contact with the general public."  (AR 27.)  The ALJ provided legally sufficient reasons for

13 not completely accepting the opinions of Dr. Dang and the state agency psychologists, and the

14 findings as to plaintiff's RFC should be upheld.

15       Plaintiff also argues that, because the ALJ found she had severe mental impairments at step

16 two, she is limited to unskilled work.  She defines a severe impairment as one that imposes "more

17 than a minimal effect on an individual's ability to do basic work activities[,]" SSR 96-3p, and notes

18 that basic mental work activities include "[u]nderstanding, carrying out and remembering simple

19 instructions . . .[,]" 20 C.F.R.  § 405.1521, which corresponds with the demands of unskilled

20 work, that is, work requiring "little or no judgment to do simple duties that can be learned on the

21 job in a short period of time[,]" 20 C.F.R.  § 405.1568(a).

22       A severe impairment is one that "significantly limits an individual's physical or mental

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01  abilities to do basic work activities[,]" and a non-severe impairment is a "slight abnormality . . .

02  that has no more than a minimal effect on the ability to do basic work activities." SSR 96-3p.

03  Plaintiff's argument would essentially require the conclusion that every individual found to have

04  a "severe impairment" was *de facto* vocationally limited to the performance of unskilled work, a

05  conclusion with no support in either the Social Security Act or its corresponding regulations.

06  ## **Remedy**

07  The Court has discretion to remand for further proceedings or to award benefits. *See*

08  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits

09  where "the record has been fully developed and further administrative proceedings would serve

10  no useful purpose." *McCartey v. Massanari* 298 F.3d 1072, 1076 (9th Cir. 2002).

11  Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient
   reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that

12  must be resolved before a determination of disability can be made; and (3) it is clear
   from the record that the ALJ would be required to find the claimant disabled if he

13  considered the claimant's evidence.

14  *Id.* at 1076-77.

15  As noted above, the DOT describes word processing-data entry jobs as sedentary.

16  However, the hypothetical posed to the VE assumed plaintiff was capable of performing light

17  work. The VE was not asked if the proffered jobs conflicted with the DOT. *See* SSR 00-4p (an

18  adjudicator must inquire as to whether a vocational expert's testimony is consistent with the DOT

19  and, if there is a conflict, determine whether the vocational expert's explanation for such a conflict

20  is reasonable); *Johnson*, 60 F.3d at 1435-36 ("[A]n ALJ may rely on expert testimony which

21  contradicts the DOT, but only insofar as the record contains persuasive evidence to support the

22  deviation.") Further, the record is silent as to the amount of "vocational adjustment" required for

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01  plaintiff to perform the job of word processor. Depending on the resolution of these issues, it is

02  not clear a finding of disability would be compelled. A VE can testify whether a particular

03  claimant would be able to perform subcategories of jobs within the DOT. *Distasio*, 47 F.3d at

04  350. Therefore, the case should be remanded for additional vocational testimony as to any conflict

05  between the DOT and the proffered jobs, and to describe the degree of vocational adjustment

06  required for transferability of plaintiff's skills. The ALJ should also take plaintiff's additional

07  earnings into account to re-evaluate the step one finding that she engaged in SGA in 2005.

08                                            **<u>CONCLUSION</u>**

09          For the reasons set forth above, this matter should be REMANDED for further

10  administrative proceedings.

11          DATED this <u>22nd</u> day of March, 2007.

12
                                            Mary Alice Theiler
13                                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -10